Piesneski et ux. *v.* Stepien et ux., Appellants.

Argued April 16, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*G. J. Clark,* for appellants.

*Thomas F. Farrell,* for appellees.

PER CURIAM, May 12, 1930:

Plaintiffs and defendants entered into a contract for the exchange of certain pieces of real estate owned by them respectively. Within the period of six months fixed in the contract for the consummation of the exchange, defendants refused to fulfill their obligation. Plaintiffs filed a bill in equity praying for specific performance, to which defendants filed an answer setting up certain defenses. The trial of the issues raised by these pleadings resulted in a formal adjudication, containing findings of fact, conclusions of law, and a decree of specific performance against defendants. Some six weeks after the filing of the adjudication, defendants petitioned the court below (1) to open the decree and set aside its adjudication; (2) for permission to amend the answer previously filed; and (3) that defendants be allowed a new trial on such further defenses as they may set up in the amended answer. The petition in support of these three prayers averred that several declarations, alleged to have been made by one of the plaintiffs, concerning the physical condition and value of plaintiffs' real estate, were untrue. The petition also averred that, two days after the decision against de-

fendants, the dwelling house on plaintiffs' property was destroyed by fire, which greatly reduced its value.

None of the matters depended upon in defendants' petition were averred in their previously filed answer to plaintiff's bill, though all of them were of such a character that they must have been or could have been known by defendants when they filed such prior pleading, except, of course, the burning of the house, and, according to the findings of the court below, appellees can in no sense be held responsible for the happening of that event or the loss which it occasioned.

As said by this court in Berlin S. C. & C. Co. v. Rohm, 272 Pa. 24, 27, "The allowance of amendments rests in the reasonable discretion of the court, and, in the absence of plain error, its action will not be reversed," particularly "after......decree nisi entered." Under our equity rules, the court below had power to grant the relief asked by defendants, but it was not obliged to do so, and we cannot hold that it abused its discretion by refusing the prayer of defendants' petition without taking testimony; this is the only point covered by the questions involved stated in appellants' brief.

The order appealed from is affirmed at cost of appellants.