483 A.2d 1365

BASKIN & SEARS, Mary Louise McManus, David I. Cohen and Susan W. Laatsch, Co-Executors of the Estate of Owen B. McManus, Deceased; Pittsburgh National Bank and Brandt, Milnes, Rea & Wagner, Appellants,

v.

EDWARD J. BOYLE COMPANY, a Pennsylvania corporation; Edward J. Boyle, III; Michael D. Boyle and David Deasy, individually; and David M. Kaufman, Esquire, Appellees.

Supreme Court of Pennsylvania.

Argued March 8, 1984.

Decided Nov. 20, 1984.

Richard B. Tucker, Jr., Pittsburgh, for Pittsburgh National Bank.

Louis C. Long, Pittsburgh, for Baskin & Sears, Mary Louise McManus, David I. Cohen & Susan W. Laatsch, Co-Executors.

Herman C. Kimpel, Pittsburgh, for Brandt, Milnes, Rea & Wagner.

Patricia Liptak, Pittsburgh, for Edward J. Boyle Company and David Deasy.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

Appellees Edward J. Boyle, III, Michael D. Boyle, David Deasy and Edward J. Boyle Company initiated an action in trespass and assumpsit in the civil division of the Allegheny County Court of Common Pleas based upon the planning and administration of the Estate of Edward J. Boyle, Jr. After the decedent's death on September 20, 1975, his will was admitted to probate. The decedent, who was the sole shareholder of the Edward J. Boyle Company, bequeathed his stock in the company to his sons, Edward J. Boyle, III and Michael D. Boyle, and to David Deasy. The will provided further for a bequest of the decedent's estate which would qualify for the maximum marital deduction to Pittsburgh National Bank as the trustee of a revocable life insurance trust.

The debts of the decedent at the time of his death resulted in the insolvency of his estate. To satisfy the outstanding obligations, the decedent's daughters, the named beneficiaries of the residual trust created by the

trust agreement, authorized the trustee to make an unsecured loan of $200,000.00 to the estate from the trust. The loan was made and was used to pay the estate debts. The stock was transferred unencumbered.

Exceptions to the executor's First and Final Account and to the trustee's First and Partial Account were filed by a trust beneficiary, however, contending that the unsecured loan depleted the interests of the beneficiaries. The ensuing litigation was resolved by the execution of a family settlement agreement. Subsequently, the Orphans' Court confirmed the executor's account and entered a decree of distribution.

The complaint sets forth allegations of negligent estate planning and administration, unfair trade practices, malpractice, fraud, and intentional infliction of emotional distress arising from the foregoing transactions. Preliminary objections were filed by the defendants raising, inter alia, a question of jurisdiction. The defendants asserted that § 711 of the Probate, Estates and Fiduciaries Code ("PEF Code"), Act of June 30, 1972, P.L. 508, No. 164, § 2, as amended, 20 Pa.C.S. § 711, required that the jurisdiction of the Allegheny County Court of Common Pleas over this matter be exercised through its orphans' court division. The administrative judge of the civil division entered an order transferring the action to the orphans' court division for disposition. Following the transfer, however, the plaintiffs' petition to retransfer the action to the civil division was granted by Judge Schwartz of the orphans' court division. The order was subsequently certified by Judge Schwartz for interlocutory appeal. *See* 42 Pa.C.S. § 702(b); Pa.R.A.P. 1311. The Superior Court denied the defendants' petition for permission to appeal. We granted permission to appeal.

■ Section 711 of the PEF Code enumerates the matters in which the jurisdiction of the court of common pleas shall be exercised through its orphans' court division. The administration and distribution of the real and personal property of decedents' estates and testamentary trusts are

specifically enumerated in subsections (1) and (2) of § 711. The plaintiffs' action is only collaterally related to the administration and distribution of the decedent's estate and the revocable life insurance trust. As such, the action does not fall within the orphans' court's mandatory exercise of jurisdiction as set forth in that section. Section 712, relating to the *non-mandatory* exercise of jurisdiction through the orphans' court division, provides

[t]he jurisdiction of the court of common pleas over the following may be exercised through either its orphans' court division or other appropriate division:

\* \* \* \* \* \*

(3) Other matters.—The disposition of any case where there are substantial questions concerning matters enumerated in section 711 (relating to mandatory exercise of jurisdiction through orphans' court division in general) and also matters not enumerated in that section.

■ Although the defendants' preliminary objections purportedly raised a question of jurisdiction, it is clear that the civil division of the Allegheny County Court of Common Pleas had jurisdiction over the instant action under § 712(3). The action was properly brought in the civil division. It is also apparent from a review of the complaint that the civil division is the appropriate division for resolution of the issues raised therein. The issue of which division was proper to hear the action is not a question of jurisdiction or of venue. Defendants' preliminary objections raising the jurisdiction issue were improper.

The issue presented by this appeal is the propriety of the order of the orphans' court returning the action to the division in which it was originally commenced. In order to resolve the issue, we must first analyze whether the original transfer of the action to the orphans' court division was proper. Section 952 of the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 952, states,

"The divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the busi-

ness of the court. In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules."

Absent a general rule which allocates these matters to a particular division of the court, an administrative judge of one division does not have the authority to refuse to exercise jurisdiction over a matter which is properly before the court. Nor may § 712 reasonably be interpreted to create such authority. The commentary to § 712 indicates that subsection (3) was "... intended to avoid multiple actions in different divisions in a case involving two or more questions, one of which would ordinarily be decided by the orphans' court division and the other by the trial or family division." Inasmuch as the administrative judge of the civil division lacked the authority to refuse to entertain the action, the order transferring the action to the orphans' court division was a nullity. For this reason, Appellants' contention that the matter could not have been transferred back to the civil division by the orphans' court division must necessarily fail.[1] The order of court retransferring the action to the civil division was valid.

To hold otherwise would effectively deprive the Appellees of their constitutional right to a jury trial. The transfer of this action from the civil to the orphans' court division is more than a mere change in form as the Appellants seem to suggest. Although a unified court system has been established, significant differences, which are not matters of administrative convenience, exist in the practice in the orphans' court that would affect this action. Rule 3.1 of the Supreme Court Orphans' Court Rules states,

---

1. The Appellants contend that Judge Schwartz lacked the authority to retransfer the action, asserting that it was an improper review of an interlocutory order by another judge of the same court. Where, as here, the civil division judge lacked the authority to transfer the matter to another division, this argument, and the case law cited in support thereof, are inapplicable.

[e]xcept where otherwise provided by a rule adopted by the Supreme Court, or by an Act of Assembly or by general rule or special order of the local Orphans' Court ... the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas.

The most striking difference between pursuing the action at law in the civil division and proceeding in the orphans' division is in the right to a jury trial. The submission of any or all issues of fact to a trial by jury rests in the discretion of the court if the action is commenced in the orphans' court division. Pa.R.C.P. 1513. Article I, section 6 of the Pennsylvania Constitution "... has been construed as requiring the right to trial by jury in all matters in which the right to a jury trial has been recognized at the time of the adoption of the Constitution of 1790. (Citation omitted)". *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978). The right to a jury trial in this matter may not be circumvented by a transfer from one division of the court to another.

The order of the Allegheny County Court of Common Pleas entered on March 8, 1983 is hereby affirmed.

FLAHERTY, J., filed a dissenting opinion.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

FLAHERTY, Justice, dissenting.

I dissent. The single issue presented for our consideration in this case is whether a judge of the orphans' court division has authority to review a decision of a judge of the civil division transferring a matter to orphans' court division for disposition. As, in my view, this case is controlled by our decision in *Commonwealth v. Brown*, 485 Pa. 368, 402 A.2d 1007 (1979), and cases cited therein, wherein we held that, absent some new evidence, one judge may not overrule an interlocutory order of another judge of the same court of common pleas, I would hold the order of the judge of the orphans' court division retransferring the

cause to the civil division was an abuse of discretion. Thus, I would reverse the order of the judge of the orphans' court division.

Plaintiffs have pled causes of action in negligence, breach of contract, fraud, deceit, misrepresentation, intentional infliction of emotional distress and unfair trade practices arising out of the administration of an estate and revocable life insurance trust. They seek redress for monetary and emotional damages sustained due to defendants' conduct from the planning of decedent's estate through execution of the family settlement agreement. Defendants include the trustee, the personal representatives of the lawyer who aided in decedent's estate planning and the law firms where that lawyer was affiliated, and the lawyer who represented plaintiffs in the estate litigation that preceded the instant action. Defendants filed preliminary objections urging the case be transferred to the orphans' court division on the grounds (1) the complaint asserted claims related to previous litigation and a court-approved settlement in the orphans' division, and (2) the essential issues raised, involving the planning, administration and distribution of a decedent's estate and trust, are matters within the *mandatory* jurisdiction of the orphans' court division. Preliminary objections were sustained, and the case transferred.

Section 711 of the Probate, Estates and Fiduciaries Code, ("PEF" Code) Act of June 30, 1972, P.L. 508, No. 164, § 2, as amended, 20 Pa.C.S.A. § 711 (1975), prescribes those matters which must be adjudicated in the orphans' court division. As the instant matter is only collaterally related to the administration and distribution of the estate and trust, the matter does not fall within the *mandatory* jurisdiction of the orphans' court division. The instant action presents an action at law, sounding in trespass and assumpsit, and was properly commenced in the civil division. However, this fact does not mean the orphans' court division is precluded from exercising jurisdiction over the instant controversy. Section 712(3) of the PEF Code provides that the orphans' court division may exercise jurisdiction over "[t]he disposition of any case where there are substantial ques-

tions concerning matters enumerated in section 711 (relating to mandatory exercise of jurisdiction through orphans' court division in general) and also matters not enumerated in that section." 20 Pa.C.S.A. § 712 (Supp.1984–1985). The instant action does arise out of the administration and distribution of an estate, and it raises serious questions regarding the propriety of the parties' conduct during the estate administration. These are matters which the orphans' court division is especially well-equipped to handle. Furthermore, any recovery against the trustee arising out of the estate administration would bear a conspicuous resemblance to a surcharge, a remedy which the orphans' court division has traditionally possessed the power to award. Thus, although the instant action does not fall within the *mandatory* jurisdiction of the orphans' court division, it does arise out of the administration and distribution of an estate, and it raises serious questions regarding the propriety of the parties' conduct during the estate administration, and, for these reasons, I would uphold the transfer to the orphans' court division.

The assertion of the majority that the administrative judge of the civil division lacked authority to refuse to exercise jurisdiction misconstrues the issue presented. The issue presented herein is not one of *jurisdiction.* Section 17(a) of the Schedule to the Article on the Judiciary, PA. CONST. Art. V, provided for unification of the courts of Allegheny County. The court of common pleas, as reconstituted, possesses the jurisdiction of the former courts of common pleas, courts of oyer and terminer and general jail delivery and quarter sessions of the peace, the county court, the orphans' court, and the juvenile court. Quite simply, the old orphans' court which was a separate court with limited jurisdiction, has been abolished and succeeded by a unified court of common pleas with various divisions including, *inter alia,* a trial division (in Allegheny County the civil and criminal divisions), and an orphans' court division. The case load is divided among the various divisions of the new court of common pleas to ease administration. To this end, the General Assembly has provided:

*The divisions of a court of common pleas are administrative units* composed of those judges of the court responsible for the transaction of specified classes of the business of the court. *In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court,* but the business of the court may be allocated among the divisions of the court by or pursuant to general rules.

42 Pa.C.S.A. § 952 (1981). (Emphasis supplied.) Thus, each judge of the court of common pleas has equal authority to preside over matters pending in the court of common pleas.

Furthermore, the authority of a judge to transfer a matter to a different division of the same court has been recognized in prior decisions of this Court. In *Commonwealth v. Wadzinski,* 485 Pa. 247, 401 A.2d 1129 (1978), Mr. Justice Pomeroy wrote for the Court:

One of the purposes of the unified court is, of course, to simplify procedure and remove archaisms from the judicial system. A case may not be dismissed because brought in the wrong court; *if the matter is justiciable, there is jurisdiction in the court of common pleas to hear it, and in a multi-division court the remedy for bringing the case in the wrong division is not a dismissal, but a transfer of the matter to the correct division.*

*Id.,* 485 Pa. at 254–5, 401 A.2d 1129 at 1132 (1978). See also, 42 Pa.C.S.A. § 5103(c) (Supp.1984–1985). When it appeared to the administrative judge of the civil division that the case at bar presented some issues peculiarly within the special expertise of the judges of the orphans' court division, he transferred the matter to that division for a full resolution of all the issues. In my view, this transfer was proper.

The majority's assertion that transfer of the matter to the orphans' court division deprives plaintiffs of their right to a jury trial is erroneous. The former orphans' court was a court of equity, albeit with limited, statutorily defined juris-

diction. Thus, jury trials, other than advisory, were unknown in that court. Due to the fact that the orphans' court division has mandatory jurisdiction of many of the same issues formerly within the jurisdiction of the orphans' court, it is tempting to categorize the practice in the present orphans' court division in accordance with the practice in the former orphans' court. However, the changed status of the court of common pleas since the constitutional amendments of 1968 compels what might be viewed by some as the iconoclastic conclusion that, although they may still be a rarity, jury trials in the orphans' court division are not necessarily prohibited. Indeed, the General Assembly has provided, in certain instances, for jury verdicts rendered in the orphans' court division which have the same effect as the verdict of a jury in an action at law. 20 Pa.C.S.A. § 777 (1975).

Moreover, the problem of jury trials in courts of equity is illuminated by Professor Walsh's discussion on the manner of trying issues after merger of law and equity. He wrote:

[J]ury trial and the necessary maintenance of trial terms for law cases in the old sense do not prevent the merger of systems, actions and courts as expressly provided in the Code. The objections to merger because of jury trial are based on the same fundamental misconception of what the merger is, the same insistence upon the retention of old forms of action.... Just as *the bringing together of law and equity* does not change substantive equity or genuine substantive law, so also it *does not change, and was not intended to change, the methods of trial of issues of fact used in applying legal and equitable remedies.* It simply brings both together in the same case when issues involving substantive law and equity arise in the same controversy.... The rule which generally prevails is that issues of fact in deciding the equitable defense or counterclaim will be decided by the court without reference to the jury, though the court may in its discretion submit the entire controversy to the jury when that method seems the more effective. This is strictly in accord with the principles of merger of law and

equity. *Law issues are disposed of by jury trial and equity issues by trial to the court, without change in the form of trial of either kind of issue, but combining both in the same action and in the same trial, saving the expense and delay of separate actions and trials, and eliminating the conflict which made it necessary that equity should restrain the parties from prosecuting their legal remedy pending the trial of the case in equity.*

Walsh on Equity, 117–118 (1930). (Emphasis supplied.) Thus, with the merger of law and equity come juries in courts of equity and the constitutional provision saving the right to "trial by jury ... as heretofore," PA. CONST. Art. I, § 6, need not be abridged when actions at law are tried in the orphans' court division.

The majority bases its conclusion, that jury trials in the orphans' court division are prohibited, on Rule 3.1 of the Orphans' Court Rules. This rule provides, in relevant part, "Except where otherwise provided by ... special order of the local Orphans' Court [sic], ... the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas." In my view, contrary to the conclusion of the majority that this rule prohibits jury trials, the language "by special order" provides the vehicle by which the orphans' court division judge may, in appropriate instances, grant requests for jury trials. Thus, in my view, transfer of an action to the orphans' court division for disposition need not result in abridgement of a party's right to a trial by jury where the right exists.

The seminal issue presented for our consideration in this case is simply the propriety of the order of the orphans' court division judge retransferring the matter to the civil division. As discussed *supra,* the judges of the court of common pleas have equal authority. Thus, judges should follow the decisions of colleagues on the same court when based on the same set of facts, *Yudacufski v. Commonwealth, Department of Transportation,* 499 Pa. 605, 612, 454 A.2d 923, 926 (1982), and it is of no moment that the decision is made by a judge of a different division, *Com-*

*monwealth v. Brown, supra.* Appellees argue the orphans' court division judge did have additional evidence at his disposal, which was contained in the record of the prior estate litigation, and which was arguably "not so readily available in the civil division where the within action was filed." However, neither the Memorandum Opinion nor the Order filed in the orphans' court division, transferring the case back to the civil division, indicates that the orphans' court judge actually based his decision on evidence which was not considered by the judge in the civil division. Indeed, it is clear the decision of the orphans' court division judge was based purely upon analysis of the controlling law, and not upon any additional evidence which had not been considered during disposition of the preliminary objections filed in the civil division. As the decision of the orphans' court judge was not based upon any additional evidence, it would be inappropriate for the orphans' court judge to reverse the previous order entered in the civil division. Thus, in my view, the order of the orphans' court judge retransferring the case to the civil division ought to be reversed, and the case should proceed in the orphans' court division.