**In re Estate of Frano**

514

C.P. of Clearfield County, no. 95-284.

*Toni M. Cherry,* for co-executors.

REILLY, *P.J.,* March 10, 1999—The above-captioned matter was initiated in this court by Eagle Environmental L.P. on March 19, 1997, by the filing of a petition for order directing co-executors to convey real property pursuant to decedent's contract. The dispute centers around a renewal of an option to purchase a parcel of real property owned by Mary Frano, decedent. The real property subject to the option agreement consists of approximately 148.79 acres located in Washington Township, Jefferson County, and partially in Sandy Township, Clearfield County.[1]

---

1. Subsequent to the execution of the option agreements, it was discovered that a portion of the property subject to the agreements was actually situated in Sandy Township. See the complaint and answer filed in the Jefferson County matter at Clearfield County Orphans' Court book, vol. 0153 pp. 136, 195.

The co-executors maintain that the option agreement was orally revised before the decedent's death and Eagle failed to comply with the revision, thus eliminating their obligation to convey the property. Eagle contends that it is entitled to judgment in its favor because of the doctrine of res judicata and/or the co-executors have not carried their burden of proving that the written option agreement was orally modified.

Following argument and briefs thereon, this court does herein grant the motion of Eagle for judgment on the pleadings and for specific performance.

The written agreement which created the option for Eagle to purchase decedent's real property was entered into on August 2, 1990. The original option agreement between Mary Frano and Eagle stated that, "[t]his agreement shall be binding upon the respective heirs, executors, administrators, successors and, to the extent assignable, on the assigns of the parties hereto, it being expressly understood that buyer shall have the right to transfer or assign this agreement . . . ." Option agreement, paragraph 14, pp. 5-6.[2] The option was not exercised by Eagle within the original period. Two subsequent written agreements extended the option periods. The addendum to the option agreement dated January 13, 1995 extended the option period to February 2, 1996 and provided an additional three-month extension if Eagle did not obtain the required permits to operate a sanitary landfill. Eagle had proposed developing a solid waste disposal facility and a rail transfer station

2. This language was also included in the February 22, 1993 agreement, and was not altered by the addendum of January 13, 1995. The option agreements and addendum are attached to preliminary objection raising pendency of prior action filed on behalf of the co-executors on May 1, 1997, and can be found at OC book, vol. 0153 pp. 144-69.

on the property. On January 8, 1996, approximately eight months after Mary Frano's death, Eagle attempted to exercise the option. The property was not conveyed due to the co-executors' belief that Eagle had not taken the necessary steps concerning the surveys, property descriptions, subdivision application and deed preparation before the expiration of the option, and the co-executors sought judicial determination of their rights in Jefferson County.

Because the proceedings in Jefferson County are significant to this case, they will be discussed in detail.[3] On August 8, 1996, a complaint for declaratory judgment was filed in Jefferson County by the co-executors of the estate of Mary Frano, who are also the named individuals in the Clearfield County matter.[4] Eagle Environmental L.P. and Washington Township were the named defendants in the declaratory judgment action. Thereafter, the co-executors filed to remove the case to the United States District Court for the Western District of Pennsylvania. In an order dated January 9, 1997, the district court remanded the case to the Court of Common Pleas of Jefferson County.[5]

Meanwhile, preliminary objections were filed by the co-executors in this court. In an order filed May 5, 1997, the Clearfield County proceeding was stayed pending resolution of the Jefferson County case involving the same parties.

---

3. This action was brought in the Court of Common Pleas of Jefferson County, civil division, no. 580-1996.

4. The complaint can be found at vol. 0153 pp. 129-43 of the OC book and was attached to the co-executors' preliminary objection raising pendency of prior action. See footnote 2.

5. *Id.* at vol. 0153 p. 190.

In the Jefferson County matter, the co-executors' complaint requested that the court enter a declaratory judgment stating that the option agreements and subsequent revisions entered into by the parties were terminated.[6] In their second amended complaint, the co-executors sought damages against Eagle for breach of contract. Eagle's answer and counterclaim contained a prayer for specific performance of the option agreements.[7] The Court of Common Pleas of Jefferson County, civil division, resolved the matter by granting Eagle's preliminary objection for legal insufficiency (demurrer) and entering judgment for Eagle.[8] Apparently, the co-executors did not appeal, and the parties resumed filing pleadings in the instant matter in March 1997.

The co-executors, who brought the declaratory judgment action in Jefferson County, are now arguing the civil division of that court lacked subject matter jurisdiction. As in the Jefferson County action, their ar-

---

6. The second amended complaint was attached to Eagle's motion for judgment on the pleadings.

7. Eagle's amended answer, affirmative defenses and counterclaim is found at vol. 0153 pp. 191-204 attached to preliminary objection raising pendency of prior action filed May 1, 1997.

8. The Jefferson County order was filed on March 10, 1998. The order and the preliminary objections were made part of the record in Clearfield County as an attachment to the motion for judgment on the pleadings. The Honorable William L. Henry's order states:

"And now, March 9, 1998, after entertaining defendant's preliminary objections, the court having heard the argument of counsel, and having considered the pleadings and all papers relevant thereto:

"It is hereby ordered that defendant's preliminary objection for legal insufficiency (demurrer) to the plaintiffs' second amended complaint is sustained without leave to amend, and judgment for defendant shall enter, on the grounds that plaintiffs have twice previously amended their complaint, and plaintiffs have failed to state a cause of action upon which relief can be granted." *Id.*

guments focus on alleged oral modifications and the claim that subdivision of the land will result in leaving them with a lot of substandard size under Washington Township ordinance no. 20.[9]

The Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §101 et seq., sets forth the jurisdiction of the orphans' court division of the court of common pleas. Specifically, the orphans' court division is vested with mandatory jurisdiction over matters concerning the administration and distribution of a decedent's real property and specific performance of an agreement made by a decedent to purchase or sell real property. 20 Pa.C.S. §§711(1) and (13). Where the matter before the court raises substantial questions concerning matters enumerated in section 711 as well as matters not enumerated in that section, the court of common pleas may exercise jurisdiction through either its orphans' court division or other appropriate division. 20 Pa.C.S. §712(3).

The divisions of the court of common pleas are administrative units and each unit possesses full jurisdiction of the whole court. 42 Pa.C.S. §952. In *Baskin & Sears v. Edward J. Boyle Co.,* 506 Pa. 62, 483 A.2d 1365 (1984), the Supreme Court of the Commonwealth of Pennsylvania stated the following: "[a]bsent a general rule which allocates these matters to a particular division of the court, an administrative judge of one division does not have the authority to refuse to exercise jurisdiction over a matter which is properly before the court. Nor may section 712 reasonably be interpreted to create such authority. The commentary to section

---

9. The subdivision regulations for Washington Township contained in ordinance no. 20 are attached to preliminary objection raising pendency of prior action and can be found at vol. 0153 pp. 170-89 of the orphans' court book.

712 indicates that subsection (3) was '. . . intended to avoid multiple actions in different divisions in a case involving two or more questions, one of which would ordinarily be decided by the orphans' court division and the other by the trial or family division.' " *Id.* at 67, 483 A.2d at 1367.

The Declaratory Judgment Act, 42 Pa.C.S. §§7531-7541, is broad in scope and provides that the construction of documents, including written contracts, may be the proper subjects of an action for declaratory judgment. *New London Oil Co. Inc. v. Ziegler,* 336 Pa. Super. 380, 485 A.2d 1131 (1984). Further, "[c]ourts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. §7532.

The doctrine of res judicata operates to preclude future suits between the same parties on the same claims after a final judgment has been rendered by a court of competent jurisdiction on the merits. *Dempsey v. Cessna Aircraft Co.,* 439 Pa. Super. 172, 653 A.2d 679 (1995). A conclusive judgment concerning the rights of the parties and their privies "constitutes a bar to a subsequent claim, demand or cause of action and issues determined therein." *Brandschain v. Lieberman,* 320 Pa. Super. 10, 15, 466 A.2d 1035, 1038 (1983) (citing *Lebeau v. Lebeau,* 258 Pa. Super. 519, 525, 393, A.2d 480, 482 (1978)). The elements necessary to support a claim of res judicata include: (1) the identity of the cause of action; (2) the identity of the persons or parties to the action; (3) the identity of the quality or capacity of the parties sued or being sued; and (4) the identity of the thing sued upon. *Id.* After establishing the concurrence of these four elements, "it must be determined

whether the ultimate and controlling issues have been decided in the prior proceeding." *Id.*

"Dismissal of an action for failure to state a claim is a final judgment on the merits." *Brown v. Cooney,* 296 Pa. Super. 117, 120, 442 A.2d 324, 326 (1982). If the effect of an order is to terminate the action between the parties "by so restricting the pleader with respect to further amendment of the pleading as to virtually put him out of court on the cause of action he seeks to litigate, it is a definitive and final order, and thus, appealable." *Freeze v. Donegal Mutual Insurance Co.,* 301 Pa. Super. 344, 349, 447 A.2d 999, 1002 (1982) (citing *Hudock v. Donegal Mutual Insurance Co.,* 438 Pa. 272, 264 A.2d 668 (1970); *Local No. 163, International Union of Brewery Workers v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965); *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A.2d 854 (1954)).

In summary, the civil division Court of Common Pleas in Jefferson County had jurisdiction over the declaratory judgment action between these parties. Furthermore, the order which sustained Eagle's preliminary objections without leave to amend and entered judgment for the defendant, was a final order on the merits.

Review of the pleadings in the present matter reveals that the arguments concerning the alleged oral modifications addressing permits, surveys and subdivision approvals are the same issues that the co-executors presented to the court in Jefferson County. Therefore, this court is dealing with the same litigants and the same arguments which prompted the Jefferson County Court of Common Pleas to rule that the plaintiffs failed to state a cause of action upon which relief could be granted. In addition, this court is faced with the request

that the co-executors be ordered to take all steps necessary to convey the optioned property to Eagle without further delay.

Eagle maintains that this court should direct the transfer of the optioned property pursuant to 20 Pa.C.S. §3390, which provides:

"Specific performance of contracts

"(a) Application to court.—If any person makes a legally binding agreement to purchase or sell real or personal estate and dies before its consummation, his personal representative shall have power to consummate it, but if he does not do so, the court, on the application of any party in interest and after such notice and with such security, if any, as it may direct, in its discretion, may order specific performance of the agreement if it would have been enforced specifically had the decedent not died."

This court is guided by a number of well-established principles concerning requests for specific performance of a contractual obligation. "A decree of specific performance involves the exercise of the equity power and discretion of the court," which must be exercised in accordance with accepted judicial guidelines. *Wagner v. Estate of Rummel,* 391 Pa. Super. 555, 561, 571 A.2d 1055, 1058 (1990) (citing *Duc v. Struckus,* 345 Pa. 65, 26 A.2d 897 (1942) and *DiPompeo v. Preston,* 385 Pa. 512, 123 A.2d 671 (1956)). "A decree of specific performance of a contract is not a right, but is a matter of grace, and will not be granted unless the party seeking such relief is clearly entitled to it." *Wagner* at 561, 571 A.2d at 1058 (citing *Mrahunec v. Fausti,* 385 Pa. 64, 121 A.2d 878 (1956)). Further, "[i]n decreeing or refusing to require specific performance of a contract

to convey real property, a great deal depends upon the wise exercise of judicial discretion, in light of all circumstances appearing in the transaction." *Id.* (citing *Quarture v. C.P. Mayer Brick Co.,* 363 Pa. 349, 69 A.2d 422 (1949)). Specific performance will not be ordered if to do so would result in hardship or injustice to either of the parties. *Wagner* at 561, 571 A.2d at 1058. "Moreover, specific performance may only be granted where no adequate remedy at law exists." *Id.* (citing *Cimina v. Bronich,* 517 Pa. 378, 537 A.2d 1355 (1988)).

The parties have had ample time and opportunity to clearly develop the factual underpinnings of this case. The co-executors have failed to sufficiently establish the existence of an oral modification to the option agreements and addendum, which is an issue that was previously litigated. In fashioning a just and proper order, this court has thoroughly examined the option agreement and the addendum, as well as the other documents submitted by the parties. This court is satisfied that specific performance is appropriate in this matter.

Wherefore, the court enters the following:

## ORDER

Now, March 10, 1999, in accordance with the foregoing opinion, it is the order of this court that motion for judgment on the pleadings filed on behalf of Eagle Environmental L.P. shall be and is hereby granted and judgment entered in favor of said parties and against the co-executors of the estate of Mary Frano. It is the further order of this court that the request for specific performance filed on behalf of Eagle Environmental L.P. of the option agreement of February 22, 1993, and the addendum thereto is granted.