J-S09017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF RICKY E. HULL, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1277 WDA 2022 |
| MELISSA S. SHOWMAN | : | |

Appeal from the Order Entered September 28, 2022
In the Court of Common Pleas of Fayette County Civil Division at No(s):
702 of 2022 GD

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 6, 2023**

The Estate of Ricky E. Hull, deceased (the "Estate"), appeals from the order entered in the civil division of the Fayette County Court of Common Pleas dismissing all claims in this ejectment action, without prejudice, so that the claims could instead be raised in the orphans' court division. The Estate contends that the orphans' court division lacks subject matter jurisdiction over its complaint in ejectment and that the trial court erred in dismissing this claim instead of transferring the counterclaims raised by Melissa S. Showman ("Appellee"), one of the decedent's three daughters, to the orphans' court division. We affirm the trial court's finding that the orphans' court division may exercise nonmandatory subject matter jurisdiction over the claims, but we reverse the dismissal of this action and remand with instructions to transfer

the proceeding to the orphans' court division pursuant to 42 Pa.C.S. § 5103(c).

By way of background, Mr. Hull died testate on April 7, 2021. The Register of Wills in Fayette County subsequently issued letters testamentary to the executrix at docket number 2621-0471 of the orphans' court division. The decedent's assets included, *inter alia*, over sixteen acres of real estate in Springfield Township, Fayette County (the "Property"). While the orphans' court docket remained open, the Estate filed a complaint against Appellee in the civil division, raising a single count of ejectment asserting that she was occupying the Property without any right to do so.[1]

Appellee filed a response containing new matter, affirmative defenses, and three counterclaims against the Estate. Therein, she asserted that the decedent executed a deed transferring a one-third interest in the Property to her several weeks prior to the decedent's death, and that the Estate agreed to allow her to remain on the Property if she installed a septic system. Appellee also raised the defense that the decedent's last will and testament did not fully dispose of the residue of his assets, creating a partial intestacy that entitled her to an interest in the Property. Finally, Appellee averred that the executrix of the Estate violated her fiduciary obligations by entering into an agreement of sale for the Property with a third-party for below its appraised

---

[1] Notably, the Honorable Judge Joseph M. George, Jr., presided over both the orphans' court docket and the complaint filed by the Estate in the civil division.

- 2 -

value. As such, Appellee requested relief from the trial court in the form of attorney's fees arising from defending the ejectment action, and seeking specific performance of a contract, an accounting, a freeze of the Estate's assets, and/or a hearing to determine whether the executrix should be removed.

The Estate filed preliminary objections to Appellee's response seeking, *inter alia*, to dismiss her counterclaims due to lack of subject matter jurisdiction. The Estate argued that the civil division had exclusive jurisdiction over the ejectment action and that Appellee's counterclaims should be brought in a separate action within the orphans' court division. Both parties filed briefs addressing the Estate's preliminary objections.

On September 28, 2022, the trial court sustained the Estate's preliminary objection to the lack of subject matter jurisdiction over Appellee's counterclaims.[2] Critically, the order dismissed **all** claims of both parties, without prejudice, so that they could be raised in the docket of the orphans' court division relating to the Estate. The trial court also directed that, once the claims were filed with the orphans' court division, it would appoint a master pursuant to 20 Pa.C.S. § 751, with the master's costs to be borne by the Estate. The Estate filed a motion to reconsider, and thereafter timely

---

[2] The order did not address the remaining preliminary objections raised by the Estate.

appealed from the order sustaining the preliminary objection while the motion to reconsider was still pending.

The Estate and the trial court thereafter complied with Pa.R.A.P. 1925.[3] The Estate raises the following inter-related issues on appeal:

I.   Where the trial court had exclusive jurisdiction of [the Estate's] ejectment action, whether the trial court abused its discretion or committed an error of law by *sua sponte* dismissing that action and transferring it to the trial court's orphans' court division?

II.  Whether the trial court abused its discretion or committed an error of law by *sua sponte* dismissing Appellant's ejectment action and transferring it to the trial court's orphans' court division to be heard by a master, even though the Appellant has the right to try the ejectment action either to a jury or a judge sitting without a jury?

III. Whether the trial court abused its discretion or committed an error of law by *sua sponte* dismissing Appellant's ejectment action and transferring it to the trial court's orphans' court division to be tried to a master together with all of the Appellee's counterclaims[,] none of which arise from the same transaction or occurrence as the ejectment action?

The Estate's brief at 3-4.[4]

_____

[3] The trial court entered a statement in lieu of opinion, asserting that the order appealed from was interlocutory because the claims were preserved to be raised in the orphans' court. The court did not address the merits of the Estate's claims on appeal.

[4] We note with displeasure that the Estate discusses all three of these issues in a single argument section of its brief, in violation of Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of
*(Footnote Continued Next Page)*

- 4 -

We first address our appellate jurisdiction.[5] The Estate asserts that the order appealed from constitutes a final order pursuant to Pa.R.A.P. 341 or, alternatively, a collateral order pursuant to Pa.R.A.P. 313. Both the trial court and Appellee assert that the order in question is not a final order because it disposes of no claims, as they were preserved to be raised in the orphans' court division.

We agree with the Estate that the order in question constitutes a final order and is thus appealable. "It is well settled that questions as to the appealability of an order go to the jurisdiction of the court asked to review the order." **Pridgen v. Parker Hannifin Corp.**, 974 A.2d 1166, 1171 (Pa.Super. 2009) (citation omitted). Generally, an appeal lies only from a final order, unless otherwise permitted by statute. **See Forrester v. Hanson**, 901 A.2d 548, 554 (Pa.Super. 2006). A final order is defined in Rule 341 as one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). To determine whether an order is final, this Court "must consider whether the practical ramification of the order will be to dispose of the case, making review

---

authorities as are deemed pertinent"). Counsel for the Estate is cautioned to comply with the Pennsylvania Rules of Appellate Procedure in the future.

[5] This Court issued a rule to show cause order on November 28, 2022, with respect to why this appeal should not be quashed as interlocutory. The Estate filed a response, and this Court discharged the rule without rendering a determination regarding appealability.

appropriate." ***Friia v. Friia***, 780 A.2d 664, 667 (Pa.Super. 2001) (cleaned up).

Here, the trial court's order precludes the Estate and Appellee from litigating any of their claims in the civil division, and therefore "disposes of all claims and of all parties" as to that action. Pa.R.A.P. 341(b)(1). The case was dismissed, despite the trial court giving leave for the parties to re-file their actions in the orphans' court. Accordingly, the order is final, and we have jurisdiction to address the merits of the Estate's claims.[6] ***See In re Estate of Cantor***, 621 A.2d 1021, 1022-23 (Pa.Super. 1993) (addressing the merits of an appeal filed from an orphans' court order dismissing claims without prejudice due to lack of subject matter jurisdiction); ***see also In re Caples***, 1802 EDA 2020 (Pa.Super. filed August 16, 2021) (non-precedential decision) (same).

All three of the Estate's claims on appeal concern the lower court's jurisdiction. Our standard of review for questions involving subject matter jurisdiction is as follows:

> Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth. The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining

---

[6] In light of our finding that the September 28, 2022 order was a final order, we do not address the Estate's alternative argument that the order satisfies the requirements of a collateral order under Pa.R.A.P. 313.

whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary.

***Mazur v. Trinity Area Sch. Dist.***, 961 A.2d 96, 101 (Pa. 2008) (cleaned up).

Concerning jurisdiction of the courts of common pleas, 42 Pa.C.S. § 931(a) provides that "[e]xcept where exclusive original jurisdiction of an action or proceeding is by statute or by general rule . . . vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings[.]" Further, pursuant to 42 Pa.C.S. § 952,

> [t]he divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court. In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules.

*Id*. Our High Court has also stated that "it is now recognized that the divisions of the common pleas courts are established essentially for purposes of administrative convenience, and that each division is vested with the full jurisdiction of the whole court." ***In re Estate of Hall***, 535 A.2d 47, 59 (Pa. 1987) (citing § 952).

Concerning the jurisdiction of an orphans' court division, § 711 of the Pennsylvania Probate, Estates, and Fiduciaries Code ("PEF Code") states that the orphans' court shall have mandatory jurisdiction over the following enumerated matters pertinent to the instant appeal:

**(1) Decedent's estates**.--The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial.

. . . .

**(12) Fiduciaries**.--The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts, jurisdiction of which is exercised through the orphans' court division, except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore.

. . . .

**(13) Specific performance of contracts**.--To enforce specifically the performance by either party of any agreement made by a decedent to purchase or sell real or personal property.

20 Pa.C.S. § 711.

Additionally, § 712 of the PEF Code explains that the concurrent jurisdiction of the court of common pleas may be, but is not required to be, exercised through its orphans' court division under certain circumstances. Specifically, § 712 states in relevant part as follows:

**§ 712. Nonmandatory exercise of jurisdiction through orphans' court division**

The jurisdiction of the court of common pleas over the following may be exercised through either its orphans' court division or other appropriate division:

. . . .

**(3) Other matters**.--The disposition of any case where there are substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section.

20 Pa.C.S. § 712. Subsection 712(3) is notable because it provides that the orphans' court division may exercise jurisdiction when a controversy implicates items enumerated in § 711 (such as those involving the administration of an estate, fiduciaries, and specific performance of a contract), yet also involves claims that are not enumerated in that section (such as an ejectment action). Our High Court has held that "§ 712 confers upon the orphans' court division broad residual and discretionary jurisdiction over all matters that are subject to resolution by courts of common pleas generally." **In re Estate of Hall**, **supra** at 59 (cleaned up).

In this context, we review a court's jurisdictional decision for an abuse of discretion. **See R.M. v. J.S.**, 20 A.3d 496, 500 (Pa.Super. 2011). Our Supreme Court has explained,

> an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**Id**. (cleaned up).

With this background in mind, we discern no abuse of discretion in the trial court's determination that the orphans' court division may exercise jurisdiction over both parties' claims in this litigation. While the civil division is ordinarily a proper location to resolve the ejectment action, practically all of Appellee's counterclaims here fall within the mandatory jurisdiction of the orphans' court as provided by the three subsections of § 711 discussed above.

Specifically, Appellee averred that the decedent transferred to her a one-third interest in the Property subject to the ejectment action prior to decedent's death. She also asserted that she has a partial residual interest in the Estate's assets under the decedent's will, which would include the Property. Both of these contentions implicate the administration and distributions of the decedent's personal and real property under § 711(1).

Further, Appellee pled that the executrix of the Estate breached her duties by entering into an agreement of sale for the Property for below market value and by failing to provide an accounting. As such, Appellee requested that the lower court freeze the Estate's assets, order the executrix to prepare an accounting, and schedule a hearing concerning removal of the executrix. These demands all relate to the control and removal of a fiduciary pursuant to § 711(12).

Moreover, the new matter raised by Appellee alleged that the Estate agreed to allow her to remain on the Property if certain conditions were met. She requested that the lower court enter an order granting specific performance on that contract. Therefore, this counterclaim invokes § 711(13) and jurisdiction over specific performance of contracts involving an estate.

Since the orphans' court would have mandatory jurisdiction over the counterclaims raised by Appellee, pursuant to § 712(3), the orphans' court would be permitted to exercise nonmandatory jurisdiction over any other claims, including those not enumerated in § 711. This would include the

Estate's ejectment claim. Thus, the trial court did not abuse its discretion in concluding that the orphans' court should exercise jurisdiction over all the parties' entangled claims.[7]

Indeed, the orphans' court's assumption of nonmandatory jurisdiction would permit it to efficiently resolve the claims related to the decedent's estate in a single proceeding, and thus further the purpose of § 712. As the official comment to § 712 states: "The addition of new paragraph (3) is intended to avoid multiple actions in different divisions in a case involving two or more questions, one of which would ordinarily be decided by the orphans' court division and the other by the trial or family division." Hence, the very purpose of § 712 is to promote judicial economy and prevent parallel, yet related, proceedings, and accordingly avoid the situation the Estate advocates for herein.

Instead of addressing § 712, the Estate challenges the orphans' court's subject matter jurisdiction by highlighting procedural differences between the civil and orphans' court divisions. The Estate argues that it is entitled to relief because the trial court "effectively eviscerated [the Estate's] right to have the

_____

[7] In its statement in lieu of opinion, the trial court did not expressly indicate whether jurisdiction of the orphans' court division would be exercised under the nonmandatory provision pursuant to § 712(3). Nonetheless, we are permitted to affirm the trial court on any basis supported by the record. **See In re Amended and Restated Deed of Trust of Margaret M. Holdship Dated February 26, 1981 fbo Holdship**, 288 A.3d 919, 933 n.10 (Pa.Super. 2023).

- 11 -

[e]jectment [a]ction tried by a jury or a judge of the court of common pleas according to the rules of civil procedure." The Estate's brief at 11.[8] Further, the Estate laments that there is no rule permitting appointment of a master to hear ejectment actions. *Id*. at 10. Finally, the Estate asserts that the trial court erred in permitting the counterclaims to be raised by Appellee pursuant to Pennsylvania Rule of Civil Procedure 1056 because they did not "arise from the same transaction or occurrence or series of transactions or occurrences as the original ejectment action." *Id*. We find the Estate's arguments unpersuasive.

With respect to the Estate's right to a jury trial and the trial court's decision to eventually appoint a master, we note that the trial court stated the following in its Statement in Lieu of Opinion:

> To the extent that our order conflicts with the right to a jury trial for an ejectment action and in the event the moving party would request a jury trial rather than proceed under 20 Pa.C.S. § 3311,

---

[8] The Estate cites, without discussion, the case of ***Baskin & Sears v. Edward J. Boyle Co.***, 483 A.2d 1365 (Pa. 1984). Therein, the Pennsylvania Supreme Court held that the lower court erred when it transferred to the orphans' court division a case involving claims of negligent estate planning/administration, unfair trade practices, malpractice, fraud, and intentional infliction of emotional distress that arose from transactions between an estate and a revocable life insurance trust. *See id*. at 1367. The High Court found that the issues raised by the plaintiffs were only collaterally related to § 711(1) and (2) and it was clear the trial division had jurisdiction over all of the claims. *See id*. at 1367-38. In the instant case, by contrast, it is clear that some of the counterclaims directly invoke subjects enumerated in § 711 and therefore are within the mandatory jurisdiction of the orphans' court division. Thus, the ***Baskin & Sears*** Court did not address the issue of whether nonmandatory jurisdiction pursuant to § 712(3) was appropriate in the context of competing related claims.

- 12 -

the court shall afford the moving party a jury trial in orphan's court on the ejectment action and all other claims shall be referred to the hearing officer.

Statement in Lieu of Opinion, 11/14/22, at 2 n.1 (cleaned up). Additionally, pursuant to 20 Pa.C.S. § 777(a), a party in interest shall be entitled to a trial by jury in cases before the orphans' court "[w]hen a substantial dispute of fact shall arise concerning the decedent's title to property, real or personal[.]"

As we already highlighted, Appellee's new matter and counterclaims created a substantial dispute of fact concerning the decedent's title to the Property as of the time of his death. Accordingly, between the trial court's order and the discretionary rules allowing jury trials in proceedings before the orphans' court, the record before us does not support the conclusion that the Estate will be deprived of its right to a trial by jury in the event of a transfer to the orphans' court. Nor would it be required to prosecute its ejectment action through a master or hearing officer if this matter were transferred to orphans' court. As the Estate's rights are protected, we discern no reversible error.

We are likewise unmoved by the Estate's argument that the trial court erred in failing to limit or exclude Appellee's counterclaims pursuant to Pa.R.C.P. 1056(a). That rule provides that "[t]he defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the cause of action arose." *Id*. The Estate baldly asserts, without further discussion, that the counterclaims

asserted by Appellee did not arise from the same transactions or series of transactions from which the ejectment action arises. Our review of the certified record does not support this conclusion.

Appellee's counterclaim for specific performance of a contract, relating to an agreement by the Estate to allow her to remain on the Property, specifically concerns the Estate's legal authority to eject her. It therefore arises from the series of transactions or occurrences between the Estate and Appellee leading up to the ejectment action. Similarly, Appellee's counterclaims requesting legal fees in defending the ejectment action and for an accounting/removal of the executrix based on her decision to enter into an agreement of sale below the Property's appraised value arise from the same series of transactions or occurrences between the Estate and Appellee. As our High Court has observed, Rule 1056 does not prevent assertion of counterclaims that sound in equity. **See Goodwin v. Rodriguez**, 554 A.2d 6, 8 (Pa. 1989) (discussing prior case law and noting that in a landlord's ejectment action, a tenant may raise a counterclaim for breach of the implied warranty of habitability in a residential lease).

Furthermore, the Estate cites no authority prohibiting Appellee from asserting the new matter or the other affirmative defenses raised in the response, all of which call into question the Estate's ownership of the Property. The new matter pled by Appellee raises the "substantial questions" concerning items enumerated in § 711(1), (12), and (13) and the Estate's ejectment

claim. Therefore, this argument fails to overcome the trial court's conclusion that the orphans' court may properly exercise nonmandatory jurisdiction over this litigation.

However, that does not end our review. Although we find that the trial court did not abuse its discretion in concluding that the orphans' court division could assume jurisdiction over all claims, the Estate also challenges the trial court's decision to dismiss the action instead of transferring both sets of claims to the orphans' court pursuant to 42 Pa.C.S. § 5103(c). The Estate argues that it will incur costs unnecessarily by having to re-draft the complaint and pay additional fees to file and serve the new petition. **See** Estate's brief at 13.

Rule 5103(c) provides as follows:

> **(c) Interdivisional transfers.**--If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

42 Pa.C.S. § 5103.

Upon review, we agree with the Estate that the trial court should have transferred the proceeding instead of dismissing the claims. The proper remedy when a case has been brought in the wrong division of a multi-divisional common pleas court is not a dismissal, but rather a transfer to the correct division. **See** 42 Pa.C.S. § 5103(c). This precept "applies equally to

- 15 -

dismissal entered with and without prejudice." ***In re Estate of Ciuccarelli***, 81 A.3d 953, 960 (Pa.Super. 2013). Thereafter, the matter should be treated as if it was originally filed in the transferred division on the date first filed in a court or magisterial district. ***See*** 42 Pa.C.S. § 5103(c). Under the circumstances of this case, the trial court erred by dismissing all counts without prejudice. ***See In re Estate of Ciuccarelli***, ***supra*** at 961 (holding that pursuant to § 5103(c), the trial court erred in dismissing the appellant's claims without prejudice due to lack of subject matter jurisdiction instead of transferring them); ***see also In re Caples***, ***supra*** (non-precedential decision at 13) (vacating a lower court's order dismissing a petition for lack of subject matter jurisdiction and remanding for transfer of the petition pursuant to § 5103(c)).

Based upon the foregoing, we reverse the order dismissing all claims without prejudice, and remand the case for the entry of an order transferring the case to the orphans' court division pursuant to § 5103(c).

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2023

- 16 -