J-S34031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRUCE L. WISHNEFSKY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALBERT J. EVANS, JAMES J. RILEY, ANDREW H. KOPPEL, JOHN J. CARROLL, SUNNY HANYON BRUNT, AND RILEY AND FANELLI, P.C. | |
| Appellees | No. 155 MDA 2015 |

Appeal from the Order entered October 20, 2014
In the Court of Common Pleas of Schuylkill County
Civil Division at No: S-1081-2001

BEFORE: BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 10, 2015**

Bruce L. Wishnefsky appeals *pro se* from an order granting summary judgment to Appellees. We affirm.

Wishnefsky is a former paralegal serving 45 to 90 years in prison for crimes of horrific child abuse.[1] In 2001, he filed a complaint alleging breach of contract and civil violations of the Racketeering in Corrupt Organizations

---

[1] *See Commonwealth v. Wishnefsky*, 750 A.2d 379 (Pa. Super. 1999) (unpublished memorandum) (affirming the judgment of sentence), *appeal denied*, 758 A.2d 1199 (Pa.), *cert. denied sub nom. Wishnefsky v. Pennsylvania*, 531 U.S. 949 (2000); *Commonwealth v. Wishnefsky*, 821 A.2d 138 (Pa. Super. 2003) (affirming the denial of post-conviction relief); *Wishnefsky v. Meyers*, No. 4-CIV-03-0417, 2005 WL 1498502 (M.D. Pa. June 22, 2005) (denying *habeas* relief and denying a certificate of appealability), *modified*, 2005 WL 2031182 (M.D. Pa. Aug. 18, 2005).

(RICO) Act, 18 U.S.C. § 1962(c) and (d), against Appellees. The gravamen of his claims is that he and Appellees entered into an unethical fee-splitting. Lawyers cannot share fees with non-lawyers. *See* Pa.R.P.C. 5.4.

Wishnefsky has litigated at least two other lawsuits rejecting similar claims. In *Wishnefsky v. Riley and Fanelli, P.C.*, 799 A.2d 827 (Pa. Super. 2002), this Court held that public policy precluded enforcement of Wishnefsky's fee-splitting agreement, to the extent it actually existed. In *Wishnefsky v. Carroll*, 44 F. App'x 581 (3d Cir. 2002), the Third Circuit affirmed the dismissal of his civil RICO claim against Carroll and Riley.

Wishnefsky filed the instant action in 2001. The pleadings closed in 2002, yet Wishnefsky never attempted to take discovery. On April 29, 2014, the trial court denied Wishnefsky's motion for leave to file a seventh amended complaint. The parties filed cross-motions for summary judgment. The trial court denied Wishnefsky's motion on August 8, 2014, and granted Appellee's motion on October 20, 2014. This appeal followed.

Before we may consider the merits, we must determine whether the order granting summary judgment to Appellees is a final order, which implicates our jurisdiction to hear this appeal. *See Pridgen v. Parker Hannifin Corp.*, 974 A.2d 1166, 1171 (Pa. Super. 2009) ("[Q]uestions as to the appealability of an order go to the jurisdiction of the court asked to review the order."). We have jurisdiction over appeals from final orders entered by the courts of common pleas. 42 Pa.C.S.A. § 742. A final order is

any order that "disposes of all claims and of **all parties**." Pa.R.A.P. 341(b)(1) (emphasis added).

Wishnefsky never served original process on defendants John J. Carroll, a private investigator, or Sunny Hanyon Brunt, a client of Riley and Fanelli P.C. Wishnefsky admits that the trial court lacks personal jurisdiction over them and that the relevant statutes of limitations have run. Appellees filed a motion for summary judgment on behalf of all defendants, but the trial court noted that Appellees did not provide authority for moving for summary judgment on behalf of Carroll and Brunt. Nevertheless, the trial court entered the following order:

> AND NOW, this 20th day of October, 2014, it is hereby ORDERED [that] summary judgment [be] entered **in favor of Defendants and against Plaintiff on all claims**.

Trial Court Order, 10/20/14 (emphasis added). Thus, the order has the effect of dismissing all claims in, and parties to, this lawsuit and is a final order.[2] We therefore have jurisdiction over this appeal.

On appeal, Wishnefsky first contends the trial court erred in denying his motion to file a seventh amended complaint. We review the denial of leave to amend a complaint for an abuse of discretion. *See TCPF Ltd. P'ship v. Skatell*, 976 A.2d 571, 574 (Pa. Super. 2009). Given that we conclude below that Wishnefsky's claims fail as a matter of law, we find no

---

[2] Wishnefsky did not object to the dismissal of his claims against Brunt and Carroll.

abuse of discretion in denying leave to amend. "[A] court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted." ***Werner v. Zazyczny***, 681 A.2d 1331, 1338 (Pa. 1996).

Next, Wishnefsky argues the trial court erred in granting summary judgment. We review an order granting summary judgment using the same legal standard as the trial court, and we apply a plenary scope of review. ***Reinoso v. Heritage Warminster SPE, LLC***, 108 A.3d 80, 84 (Pa. Super. 2015) (*en banc*). A party is entitled to summary judgment if an adverse party who will bear the burden of proof at trial has failed to produce evidence sufficient to support his cause of action. Pa.R.C.P. No. 1035.2(2).

The trial court properly dismissed this action for several reasons. First, Wishnefsky produced no evidence to support his claims.[3] Second, the claims fail as a matter of law. In addition to the fact that Wishnefsky has no evidence to support any elements of breach of contract, any agreement is void as against public policy:

> [a]lthough courts will generally not enforce contracts which are against public policy where the parties are *in pari delicto,* this is not to say a court must enforce an agreement when the parties are not *in pari delicto*. [T]he interest of the public, rather than

---

[3] Wishnefsky's own self-serving affidavit is not sufficient evidence to defeat a motion for summary judgment, because it redundantly regurgitates the allegations of his complaint. The affidavit of Charlotte Basenfelder, a character witness from his 1998 criminal trial, is wholly irrelevant.

the equitable standing of the individual parties, is of determining importance.

Assuming, without deciding, that [Appellant] is correct in [his] contention that the mere difference in the status of the parties suffices to establish that they were not *in pari delicto,* we do not believe that the public interest will be served by accepting [his] argument and enforcing the contract. Under [Appellant's] theory, every fee-sharing agreement between an attorney and a nonattorney which violates [the fee-splitting prohibition] would be enforceable by the lay party since, by definition, such agreements will always involve an attorney and a nonattorney. Although consistent enforcement of such contracts against breaching attorneys might deter attorneys from entering fee-sharing agreements, presumably most lawyers are already deterred from such conduct by the existence of [the disciplinary rule] and by the possibility of sanctions that its violation carries. By refusing in every case to assist the lay party, the courts may deter laypersons as well as attorneys from attempting such agreements. We believe that, in this way the public will be protected more effectively from the potential harms posed by fee-sharing agreements.

*Wishnefsky*, 799 A.2d at 830 (quoting *O'Hara v. Ahlgren, Blumenfeld & Kempster*, 537 N.E.2d 730, 737-38 (Ill. 1989)). Assuming that it exists, the fee-sharing arrangement is unenforceable as a matter of public policy. *See id.* at 829-31. Therefore, we reject this current claim for the same reasons as stated 13 years ago. *See id.*

Wishnefksy's civil RICO claims meet the same fate as the civil RICO claim dismissed in his prior case by the Third Circuit. A civil claim under RICO § 1962(c) requires proof of "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)) (footnote omitted). To have standing to

bring a civil RICO claim, plaintiffs "must satisfy additional standing criterion set forth in section 1964(c) of the statute. Section 1964(c) confers standing upon 'any person injured in his business or property by reason of a violation of section 1962 of this chapter . . . [.]'" ***In re Schering Plough Corp. Intron/Temodar Consumer Class Action***, 678 F.3d 235, 246 (3d Cir. 2012) (quoting 18 U.S.C. § 1964(c)) (other internal quotation omitted).

In addition to lacking any evidentiary support, Wishnefsky's RICO claims fail because, among many other reasons, he does not identify any "racketeering activity" by Appellees that caused him injury. Under RICO, "racketeering activity" means, *inter alia*, "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act[4]), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A). Here, the only activity that Wishnefsky alleges is that Appellees failed to pay him fees as promised. Wishnefsky has never said how Appellees' actions are criminal and therefore constitute racketeering. To the contrary, he has insisted (perhaps to support his spurious breach of contract claim) that the fee-splitting arrangement was not illegal. His RICO

---

[4] 21 U.S.C. § 802.

claims are specious, and we find the trial court did not err in dismissing them.

Finally, Wishnefsky claims the trial court erred in using the legal principles applied by the Third Circuit in his prior case, contending that an intervening Supreme Court decision, ***Bridge v. Phoenix Bond & Indemnity Co.***, 553 U.S. 639 (2008), changed the law. ***Bridge*** concerned RICO claims predicated on mail fraud. ***See id.*** at 641-42 ("The question presented in this case is whether a plaintiff asserting a RICO claim **predicated on mail fraud** must plead and prove that it relied on the defendant's alleged misrepresentations.") (emphasis added). Thus, ***Bridge*** is completely irrelevant to Wishnefksy's RICO claim.

This interminable case is, at best, meritless nuisance litigation.[5] The trial court did not err in denying Wishnefsky leave to file a seventh amended complaint, or in finding all claims legally deficient.

_____

[5] Given our disposition, we need not address whether we may affirm for other reasons, such as *res judicata* or the statutes of limitations.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2015