J-A22038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: AMENDED AND RESTATED DEED OF TRUST OF MARGARET M. HOLDSHIP DATED FEBRUARY 26, 1981 FBO CAROLINE F. HOLDSHIP | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: FREDERICK H. JONES AND PETER D. JONES | : : : | No. 166 WDA 2022 |

Appeal from the Order Entered January 13, 2022
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 8482 of 1993

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED: DECEMBER 23, 2022**

Frederick H. Jones ("Frederick") and Peter D. Jones ("Peter," collectively "Beneficiaries") appeal from the order sustaining the preliminary objections of PNC Bank, National Association ("PNC") to Appellants' petition seeking to remove PNC as co-trustee of the Trust of Margaret M. Holdship F/B/O Caroline F. Holdship ("Trust") and requesting that the orphans' court compel distributions from the Trust. After careful review, we affirm.

The Trust was created pursuant to an agreement dated May 10, 1965, which was amended and restated in its entirety in the Restating Amendment of Revocable Trust Agreement, dated February 26, 1981 ("Agreement"). The Agreement appointed PNC's predecessor, Pittsburgh National Bank, as the co-trustee of the Trust. The Agreement provided that after the death of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

settlor, Margaret M. Holdship ("Margaret"), her sister, Caroline F. Holdship ("Caroline"), would serve as co-trustee and would receive all net income of the Trust. Agreement, Art. II.A, IX.

Caroline died on June 24, 2013. Under the Trust, Frederick succeeded Caroline as the co-trustee with PNC. *Id.*, Art. IX. Frederick's powers as co-trustee are limited by the Agreement, such that "any discretionary power to disburse principal or income to or for the benefit of the individual trustee shall be vested solely in the corporate trustee," PNC. *Id.* The Agreement does not provide for the appointment of any other co-trustee should Frederick be unable to fulfill his role.

Upon the death of Caroline, Frederick and Peter, as the living children of Margaret's other sister, Katharine Holdship Jones ("Katharine"), became the current beneficiaries of the Trust. The Agreement provides that

> the trustee shall pay so much net income and principal to or for the benefit of the children of [Katharine] who are then living, in such proportions and at such times as the trustee, in its discretion, shall deem advisable for their health, maintenance, support and education.

*Id.*, Art. II.B. Katharine had one other child, Benjamin Franklin Jones, IV ("Benjamin"), who predeceased Caroline.

The Agreement further provides that

> Upon the death of the survivor of the children of [Katharine] during the continuance of this trust for their benefit, . . . any remaining principal shall be distributed to the living issue of [Katharine], per stirpes, or in default of issue, to [Margaret's] heirs in accordance with the intestate laws of Pennsylvania.

*Id.*, Art. II.C. There are currently ten contingent remainder beneficiaries: Peter's six children, Frederick's two grandchildren, and Benjamin's two surviving children (collectively, "Remainder Beneficiaries"). *See* Amended Petition ¶12. Thus, upon the death of the survivor of Frederick or Peter, the Trust will terminate, and the remainder of the principal will be distributed to the Remainder Beneficiaries.

On August 9, 2021, Beneficiaries filed a petition for rule to show cause, requesting that the orphans' court compel immediate distributions to Beneficiaries and seeking the removal of PNC as co-trustee. PNC filed preliminary objections to the petition; however, before the orphans' court ruled on the objections, Beneficiaries filed an amended petition on October 1, 2021, seeking the same relief as in their initial petition.

In the amended petition, Beneficiaries allege that PNC has had a "revolving door policy of staffing the Trust" and has engaged in "inconsistent and ad hoc policy changes with respect to administering the Trust" since they became beneficiaries in 2013. Amended Petition ¶69. Specifically, Beneficiaries allege that PNC initially treated the Trust as a unitrust[1] and began distributing 4% of the value of the Trust corpus quarterly, but then reduced the payments to 3.5% in 2018. *Id.* ¶¶15-17. Finally, in 2020, PNC informed Beneficiaries that they were not entitled to quarterly distributions and instead

---

[1] A unitrust is "[a] trust from which a fixed percentage of the fair market value of the trust's assets, valued annually, is paid each year to the beneficiary." Black's Law Dictionary, "Trust" (11th ed. 2019).

- 3 -

that they would have to request specific distributions and provide supporting documentation, including receipts and copies of their tax returns to ascertain Beneficiaries' outside resources. *Id.* ¶¶18-20, 23, 28, 32. PNC also informed Beneficiaries that they would only consider expenses related to one residence and would not consider costs to own or lease luxury automobiles. *Id.* ¶31.

In addition, Beneficiaries note that there have been eight changes of account and investment managers assigned to the Trust since 2014, which they contend has led to them being "unable to build a relationship of trust and confidence" with any of the individuals at PNC. *Id.* ¶¶35-36. Beneficiaries also decry PNC's decision to retain the K&L Gates law firm without consultation of the co-trustee, Frederick; Beneficiaries aver that K&L Gates later communicated with them in a "condescending and inappropriate" manner and billed the Trust in excess of $32,000 of legal fees during 2020 and 2021. *Id.* ¶¶23, 26-27, 44. Beneficiaries also assert that PNC refused to cooperate with Frederick on his request that Peter be added as a co-trustee or a successor co-trustee after Frederick's death. *Id.* ¶39.

In Count I of the Amended Petition, Beneficiaries seek a "return to the status quo before PNC's unilateral policy changes" and request that the orphans' court direct PNC to begin making regular distributions to Beneficiaries consistent with PNC's policy prior to 2020. *Id.* ¶¶56-64.

In Count II, Beneficiaries request the removal of PNC as a trustee pursuant to the Pennsylvania Uniform Trust Act ("UTA"), based upon PNC's alleged serious breach of the trust, failure to cooperate with its co-trustee,

Frederick, its ineffective administration of the Trust, and changes in circumstances. *Id.* ¶67; *see also* 20 Pa.C.S. § 7766. Beneficiaries seek the appointment of BNY Mellon, N.A. ("BNY") as the new corporate co-trustee, noting that BNY is the trustee of Beneficiaries' other trust accounts, Beneficiaries have a long-standing relationship with BNY through their account managers and based upon their fathers' service on the Board of Directors of BNY, and BNY charges lower administration fees. Amended Petition ¶¶48-52, 71-73.

PNC filed preliminary objections to the amended petition on October 22, 2021, requesting the dismissal of the amended petition for (i) failure to join necessary parties (the Remainder Beneficiaries); (ii) failure to file consents of the Remainder Beneficiaries to the requested relief; (iii) failure to conform to law or rule regarding the initiation of the proceeding; and (iv) in the nature of a demurrer as to both counts of the amended petition. Subsequent to the filing of the preliminary objections but prior to the orphans' court's ruling on the objections, Beneficiaries filed consents from eight of the ten Remainder Beneficiaries to the relief sought in the amended petition.

Following oral argument, the orphans' court issued a memorandum opinion and order on January 12, 2022 sustaining the objections and dismissing the amended petition. The court concluded that the Remainder Beneficiaries are necessary and indispensable parties who were required to be joined in the litigation and to be served with filings pursuant to the rules of court. Orphans' Court Opinion, 1/12/22, at 4-5. In addition, the court

- 5 -

determined that Beneficiaries had not alleged that PNC was acting outside its discretion in requesting documentary support from Beneficiaries in order to ensure that any distributions were proper under the standard set forth in the Trust and further that the orphans' court lacked authority to amend the Trust to compel mandatory distributions. *Id.* The court concluded by stating that:

> The bottom line is that [PNC] is acting within its discretionary authority, and its fiduciary responsibility to the Remainder Beneficiaries, in requiring [Beneficiaries] to produce certain information/documentation. If [Beneficiaries] choose not to provide such information/documentation, they run the risk of not receiving any distributions. In the event that [Beneficiaries] have a claim that the specifics of the requested information/documentation is overreaching, burdensome, etc., they are entitled to file a new Petition, including all necessary parties and proper service.

*Id.* at 5.

On January 28, 2022, Beneficiaries filed a motion for reconsideration, which the orphans' court denied on February 2, 2022. Beneficiaries then filed a timely notice of appeal.[2]

Beneficiaries present the following issues for our review:

> 1. Whether the Orphans' Court abused its discretion in sustaining the Preliminary Objections to Beneficiaries' request to remove the Co-Trustee without considering the grounds for removal raised in the Amended Petition that contained averments meeting each of four grounds for removal under the Pennsylvania Uniform Trust Act?

---

[2] Beneficiaries filed their concise statement of errors complained of on appeal on March 2, 2022. The orphans' court filed its Pa.R.A.P. 1925(a) opinion on March 11, 2022.

2. Whether the Orphans' Court abused its discretion by sustaining the Preliminary Objections to the Petition's demand for distribution by disregarding the proper standard of review of preliminary objections and refusing to allow discovery or an evidentiary hearing to interpret the meaning of the Trust's limited discretionary distribution standard in light of the matters pled in the Amended Petition?

3. Whether the Orphans' Court erred when it concluded that the Trust's future contingent remainder beneficiaries constituted "necessary and indispensable parties" to the trustee removal and discretionary distribution requests, particularly where the record reveals compliance with the Court's previous demand to serve those contingent remainder beneficiaries?

4. Whether the Orphans' Court abused its discretion in dismissing the Petition without leave to amend to cure any defect, placing the Beneficiaries out of court despite the Amended Petition's inclusion of factual grounds supporting the requested relief and a request to amend?

Beneficiaries' Brief at 4 (suggested answers omitted).

We review an orphans' court's ruling sustaining preliminary objections to determine whether the lower court committed an error of law or abused its discretion. *In re Nadzam*, 203 A.3d 215, 220 (Pa. Super. 2019). Our scope of review of an order sustaining preliminary objections is plenary. *In re Raymond G. Perelman Charitable Remainder Unitrust*, 113 A.3d 296, 303 (Pa. Super. 2015).

"Pennsylvania is a fact-pleading jurisdiction; as such, a complaint must provide notice of the nature of the plaintiff's claims and also summarize the facts upon which the claims are based." *Commonwealth v. Golden Gate National Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018). "Preliminary objections, the end result of which would be dismissal of a cause of action,

should be sustained only in cases that are clear and free from doubt." *Perelman*, 113 A.3d at 303 (citation omitted). We must accept as true all well-pleaded facts set forth in the petition and all inferences reasonably deducible therefrom, but not any conclusions of law. *Id.*; *Nadzam*, 203 A.3d at 220. With respect to a preliminary objection in the nature of a demurrer,

> [o]nly if upon the facts averred, the law says with certainty that no recovery is permitted will this Court sustain the demurrer. Where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it.

*Perelman*, 113 A.3d at 303 (citation omitted).

Furthermore, the interpretation of a trust presents a question of law as to which our standard of review is *de novo*, and our scope of review is plenary. *In re Jackson*, 174 A.3d 14, 29 (Pa. Super. 2017). The pole star in interpreting trusts is the settlor's intent, which must be ascertained from the language of the trust. *Id.* at 29-30. A court must give effect, to the extent possible, to all words and clauses in the trust document and shall not resort to canons of construction except where the language of the trust is ambiguous or conflicting and the settlor's intent cannot be garnered from the trust language. *Id.* at 30; *In re Estate of Loucks*, 148 A.3d 780, 782 (Pa. Super. 2016).

Beneficiaries argue on appeal that the orphans' court erred in sustaining PNC's preliminary objections by resolving factual disputes in PNC's favor and without allowing for discovery and an evidentiary hearing to permit Beneficiaries to substantiate their claims for mandatory distributions and

PNC's removal. Beneficiaries contend that the amended petition contained allegations that supported removal of PNC under each of the four criteria set forth in Section 7766(b) of the UTA and that the orphans' court erred by interpreting the request for distributions as an effort to amend the terms of the Trust when they in fact sought only to "return to the established course of dealing." Beneficiaries' Brief at 34. Beneficiaries further assert that the Remainder Beneficiaries are not necessary and indispensable parties, particularly in light of the fact that the Trust permits the invasion of principal, and consequently the exhaustion of the Trust corpus, before the occurrence of the events that would lead to distributions to Remainder Beneficiaries. Finally, Beneficiaries contend that, even if the objections were properly sustained, the orphans' court abused its discretion by refusing to grant leave to amend so that Beneficiaries could cure any defects in the amended petition.

We conclude that the orphans' court properly determined that Beneficiaries' amended petition does not set forth factual allegations upon which the recovery they seek could be granted. Therefore, we affirm the lower court's sustaining of PNC's demurrer to both of the counts of the amended petition. We further conclude that the orphans' court did not abuse its discretion in not granting Beneficiaries the opportunity to amend their petition for a second time, particularly in light of the court's recognition that dismissal was without prejudice to Beneficiaries challenging PNC's administration of the Trust in future litigation. Finally, in light of our affirmance of the dismissal of the amended petition based upon PNC's demurrers, we do not address the

question of whether Remainder Beneficiaries are necessary and indispensable parties to the litigation or whether they were properly served under the local rules.

We first address Beneficiaries' claim for removal of PNC as the corporate trustee of the Trust. Section 7766(b) of the UTA provides for removal of a trustee by the orphans' court under the following circumstances:

> **(b) When court may remove trustee.--**The court may remove a trustee if it finds that removal of the trustee best serves the interests of the beneficiaries of the trust and is not inconsistent with a material purpose of the trust, a suitable cotrustee or successor trustee is available and:
>
> > (1) the trustee has committed a serious breach of trust;
> >
> > (2) lack of cooperation among cotrustees substantially impairs the administration of the trust;
> >
> > (3) the trustee has not effectively administered the trust because of the trustee's unfitness, unwillingness or persistent failures; or
> >
> > (4) there has been a substantial change of circumstances. A corporate reorganization of an institutional trustee, including a plan of merger or consolidation, is not itself a substantial change of circumstances.

20 Pa.C.S. § 7766(b).[3] Under this statute, the orphans' court is authorized to order a trustee to appear and show cause why it should not be removed "on the petition of any party in interest **alleging adequate grounds for removal**." 20 Pa.C.S. § 3183 (emphasis added); 20 Pa.C.S. § 7766(d) (stating that the procedure for removal of a trustee shall be the same as set

---

[3] Section 7766 is Pennsylvania's enactment of Section 706 of the Uniform Trust Code.

forth in Section 3183, relating to the procedure for removal of a personal representative).

As our Supreme Court has explained:

Pennsylvania has a long history of strictly limiting the removal and replacement of a trustee to circumstances in which an Orphans' Court determines that good cause exists to do so. . . .

**The removal of a trustee is a drastic action, which should only be taken when the estate is actually endangered and intervention is necessary to save trust property**. A testator has, as a property right, the privilege and power to place the management of his estate in a selected person as a condition of his bounty. While inharmonious relations between trustee and [beneficiary], not altogether the fault of the former, will not generally be considered a sufficient cause for removal, yet where they have reached so acrimonious a condition as to make any personal intercourse impossible, and to hinder the proper transaction of business between the parties, a due regard for the interests of the estate and the rights of the [beneficiary] may require a change of trustee.

*Trust Under Agreement of Taylor*, 164 A.3d 1147, 1158-59 (Pa. 2017) (citations removed and emphasis added).

Moreover, the "enactment of Section 7766 reflects the General Assembly's intent to retain these principles in connection with the removal and replacement of a trustee." *Id.* at 1159. Thus, Section 7766 "retained the requirement of judicial approval, and three of its four provisions still demand a showing of fault or negligence by the current trustee." *Id.* Even the no-fault removal provision of Section 7766(b)(4) requires "a substantial change in circumstances" and precludes corporate reorganizations, mergers, or consolidations from qualifying as such a substantial change; thus, the no-

fault provision "does not reflect any generalized legislative intent to permit beneficiaries to exercise control over the removal and replacement of trustees." *Id.* Accordingly, unanimous consent of the beneficiaries is not grounds for removal of a trustee, but rather Section 7766 stands as the exclusive method for removal of a trustee. *Id.* at 1159-61.

Beneficiaries contend that the amended petition sets forth allegations that satisfy each of the four grounds for removal of PNC under Section 7766(b). First, they argue that the amended petition shows that PNC committed "a serious breach of trust" by failing to provide consistent staffing for the Trust, imposing additional demands upon Beneficiaries to supply documentation before disbursements were made, its waste of Trust resources by incurring over $30,000 in fees payable to outside counsel, and the "condescending and insulting attitude" exhibited by that outside counsel towards Beneficiaries. 20 Pa.C.S. § 7766(b)(1); Amended Petition ¶¶40-44, 69-70.

A breach of trust is a "violation by a trustee of a duty the trustee owes to a beneficiary."[4] 20 Pa.C.S. § 7781(a). "[N]ot every breach of trust justifies removal of the trustee[; rather, t]he breach must be 'serious.'" 20 Pa.C.S. § 7766, Uniform Law Comment; *see also Taylor*, 164 A.3d at 1159-60 (courts may rely on commentary of drafters of Uniform Trust Code in interpreting

_____

[4] Subchapter H of the UTA, 20 Pa.C.S. §§ 7771-7780.7, sets forth the duties and powers of a trustee.

UTA). The breach may be "a single act that causes significant harm or involves flagrant misconduct" or "a series of smaller breaches," such as violations of the trustee's duties to administer the trust in good faith, 20 Pa.C.S. § 7771, or to keep the beneficiaries informed of events related to the trust administration, 20 Pa.C.S. § 7780.3, that are deemed serious in the aggregate. 20 Pa.C.S. § 7766, Uniform Law Comment.

Beneficiaries here have not alleged that PNC breached any of its duties under the Trust and the UTA, let alone a "serious" breach, that would justify the "drastic action" of removing PNC as trustee. **Taylor**, 164 A.3d at 1158 (citation omitted). At the heart of this case is Beneficiaries' dissatisfaction with PNC's decision in 2020 to not continue with quarterly, set distributions and instead to make distributions only upon request and when supported by documentation that shows how the requested funds relate to Beneficiaries' health, maintenance, support, or education. Beneficiaries object to this "ad hoc policy change[]," Amended Petition ¶69, however they do not explain how PNC's asking for supporting documentation for distributions was contrary to the exercise of its discretion under the Trust to determine what distributions were "advisable for [Beneficiaries'] health, maintenance, support and education." Agreement, Art. II.B. Instead, Beneficiaries simply assert in a conclusory manner that as "distinguished successful gentlemen" they should not be required to provide any of their "private financial information" to PNC. Amended Petition ¶70. Distilled to its essence, the amended petition does not challenge the manner in which PNC exercised its discretion, but instead PNC's

decision to exercise its discretion at all. This blanket request for Beneficiaries to be exempt from making any disclosure to PNC cannot be reconciled with the discretionary authority afforded to PNC by the Trust as well as our prevailing law. *See In re Scheidmantel*, 868 A.2d 464, 481-82 (Pa. Super. 2005) (stating that Pennsylvania courts will not interfere with trustee's exercise of discretionary power granted to it by trust instrument except where the trustee acts dishonestly or beyond the bounds of reasonable judgment).[5]

We further fail to discern how the eight staffing changes since 2014 among the PNC staff responsible for administering the Trust constitute "a serious breach of trust." 20 Pa.C.S. § 7766(b)(1); *see also* Amended Petition ¶35. Margaret, the settlor of the Trust, selected PNC's predecessor as the corporate trustee, and staffing changes, while perhaps not desirable, are to be expected through normal employee turnover. Indeed, one of the benefits of selecting a corporate trustee compared to an individual is that the corporate trustee will be able to continually administer a trust in spite of any one single employee's departure, death, or retirement. In addition, we note that five of

_____

[5] The amended petition contains only one specific claim of PNC's refusal to make distributions, as Beneficiaries allege that Peter submitted a request for $130,000 and PNC agreed to reimburse only $21,076.92 of the requested expenses. Amended Petition ¶30. However, Beneficiaries have not averred any facts relating to what Peter's unreimbursed expenses were for, how those expenses related to Peter's health, maintenance, support, or education, or how PNC abused the discretion afforded to it by the Trust in denying Peter's request. Instead, they baldly allege that PNC's decision to ask for any documentation or information from Peter was improper.

the staffing changes occurred five years or more before PNC's decision to request documentary support for the distributions. Moreover, Beneficiaries have alleged no harm resulting from the staffing changes, such as the mismanagement of Trust assets or a failure to keep them informed regarding the status of the Trust.[6]

Beneficiaries also cite no support for their claim that PNC's retention of outside counsel constituted a breach of the Trust. Under the UTA, a trustee has broad authority to make payments out of the trust property to individuals employed by the trust for the purpose of the trust's administration and to the extent not inconsistent with the specific terms of the trust. 20 Pa.C.S. §§ 7780.5, 7780.6(a)(7), (8); *see also In re Trust B Under Agreement of Wells*, ___ A.3d ___, 2022 PA Super 154, *9 (Pa. Super. 2022) (rejecting argument that corporate trustee was required to obtain orphans' court approval before attorneys' fees could be paid out of trust as this conflicted with trustee's powers under UTA and terms of trust); Restatement (Third) of Trusts § 38(2) (2003) ("A trustee is entitled to indemnity out of the trust estate for expenses properly incurred in the administration of the trust."). Furthermore, our Supreme Court has recognized that co-fiduciaries are not

_____

[6] The amended petition contains one general allegation that "since 2013, PNC has repeatedly refused to respond to reasonable requests regarding the Trust." Amended Petition ¶37. Such a vague allegation, lacking the support of any specific factual averments such as the dates and content of the alleged unanswered requests, is insufficient to withstand a demurrer. *Golden Gate*, 194 A.3d at 1029 (under our fact-pleading standard, a pleading must summarize the facts upon which the claim is based).

barred from retaining their own counsel. **See Estate of Allen**, 412 A.2d 833, 841 (Pa. 1980) ("It is well settled that co-executors may engage separate counsel whose fees may be allowed out of the estate."). No allegation has been made that K&L Gates billed PNC for work that was not performed, that the work did not relate to the Trust, or that the fees were excessive. Notably, while Beneficiaries claim that PNC hired outside counsel without consultation with Frederick, the co-trustee, the Trust delegates to PNC the discretionary authority to determine the amount of disbursements, which was also the matter that was the subject of outside counsel's legal work. **See** Agreement, Art. IX.

Moreover, to the extent Beneficiaries cite the purportedly "condescending and inappropriate letter" sent by a K&L Gates attorney to Peter's attorney, **see** Amended Petition ¶44, Exhibit 6, these allegations do not support a claim that PNC engaged in "a serious breach of trust." 20 Pa.C.S. § 7766(b)(1). Beneficiaries point to nothing specifically objectionable in this letter beyond PNC's refusal to provide Peter with his entire requested distribution and the demand for further supporting documentation for future requests. In any event, as our Supreme Court has explained, friction in the trustee-beneficiary relationship is not sufficient cause for removal of a trustee. **See Taylor**, 164 A.3d at 1158-59 (noting that "inharmonious relations" between trustee and beneficiary generally do not provide cause for removal except where the relationship has become so "acrimonious" that all communication has ceased); **see also** 20 Pa.C.S. § 7766, Uniform Law

- 16 -

Comment ("Friction between the trustee and beneficiaries is ordinarily not a basis for removal. However, removal might be justified if a communications breakdown is caused by the trustee or appears to be incurable.").

Beneficiaries' claim that PNC should be removed based upon a "lack of cooperation" between PNC and co-trustee Frederick, 20 Pa.C.S. § 7766(b)(2), also fails as a matter of law. Beneficiaries cite two specific examples of lack of cooperation: PNC's decision to retain outside counsel without Frederick's consent and its refusal to accede to Frederick's request that Peter be appointed as an additional co-trustee or as a successor co-trustee to Frederick. Amended Petition ¶39. However, as discussed above, PNC acted within its authority under the UTA in retaining outside counsel to provide guidance on how it should exercise its discretion in making distributions to Beneficiaries in accordance with the terms of the Trust. Furthermore, the Trust explicitly designated Caroline as co-trustee and Frederick as her successor, making no provision for any other individual to serve as co-trustee. Agreement, Art. IX. We do not see how PNC's refusal to agree to an appointment inconsistent with the terms of the Trust could serve as a basis for its removal.

Regarding the third basis for removal under Section 7766(b)(3) based upon a trustee's inability to effectively administer a trust due to unfitness, unwillingness, or persistent failures, Beneficiaries argue that they have pled grounds for removal under this provision by alleging PNC's "obdurate refusal to pay Beneficiaries the income to which they are entitled under the Trust."

Beneficiaries' Brief at 22. As discussed above, however, Beneficiaries' argument fails to reckon with the plain language of the Trust directing PNC to make payments "**in such proportions** and **at such times** as the trustee, **in its discretion**, shall deem advisable for [Beneficiaries'] **health, maintenance, support and education**." Agreement, Art. II.B (emphasis added). Beneficiaries have not shown that PNC's decision to not provide fixed quarterly distributions provides a basis for removal under Section 7766(b)(3)[7] where the Trust explicitly grants PNC the discretion to determine the timing and the amount of the distributions.

Beneficiaries further argue that the amended petition adequately pleaded a claim under the no-fault removal provision of Section 7766(b)(4). Under this provision, the beneficiaries must show that:

> (1) the removal serves the beneficiaries' best interests; (2) the removal is not inconsistent with a material purpose of the trust; (3) a suitable successor trustee is available; and (4) a substantial change in circumstances has occurred.

*In re McKinney*, 67 A.3d 824, 830 (Pa. Super. 2013). "Changed circumstances justifying removal of a trustee might include a substantial change in the character of the service or location of the trustee." 20 Pa.C.S.

---

[7] *See* 20 Pa.C.S. § 7766, Uniform Law Comment (providing that "unfitness" includes "not only mental incapacity but also lack of basic ability to administer the trust"; "[u]nwillingness" includes "cases where the trustee refuses to act" and also "a pattern of indifference to some or all of the beneficiaries"; and an example of a "persistent failure to administer the trust effectively" is "a long-term pattern of mediocre performance, such as consistently poor investment results when compared to comparable trusts").

§ 7766(b)(4), Uniform Law Comment; *see also In re Vincent J. Fumo Irrevocable Children's Trust*, 104 A.3d 535, 551 (Pa. Super. 2014) (substantial change of circumstances occurred where the trust "has been without effective, independent leadership for years" as a result of the actions of trustee that privileged the interests of the settlor over those of the beneficiary).

PNC argues that the allegations are not legally sufficient to support a showing of "a substantial change in circumstances," and we agree. Beneficiaries rely heavily on *McKinney*, in which this Court ordered the removal of a corporate trustee based upon a change in circumstances, notwithstanding the orphans' court's contrary decision. However, the circumstances in *McKinney* are readily distinguishable from the present case as removal was sought after six changes of the corporate trustee following a "string of mergers" leading to the replacement of trusted personnel with unresponsive staff. 67 A.3d at 836-37. In addition, all of the beneficiaries moved to Virginia and staff from the trustee refused to travel out of the Commonwealth to participate in financial planning meetings with other advisors. *Id.* at 837.

The averments of the amended petition, by contrast, do not support a showing of such a substantial change of circumstances that would justify PNC's removal. There appears to be no dispute that PNC is the direct successor to

Pittsburgh National Bank rather than the product of a merger,[8] and a trustee personally selected by the settlor has traditionally been viewed as more difficult to remove based upon changed circumstances. 20 Pa.C.S. § 7766, Uniform Law Comment. Beneficiaries also make no allegation that they have recently moved or that their distance to PNC's offices presents any complication in the administration of the Trust.

Furthermore, while Beneficiaries allege various changes in personnel at PNC which **McKinney** held to be a factor relevant in the substantial change of circumstances analysis, Beneficiaries have not averred that they had a special relationship with any of the departed employees or that current PNC staff has mishandled investments, lacks the skills necessary for the administration of the Trust, or fails to keep Beneficiaries informed on the status of the Trust. Moreover, notwithstanding Beneficiaries' objection to PNC's "ad hoc policy changes with respect to administering the Trust," Amended Petition ¶69, we see no basis to conclude that a trustee's decision to exercise its discretion in a manner disagreeable to the trust's beneficiaries can constitute a substantial change in the circumstances of the trustee that would justify its removal.

Turning to Beneficiaries claim seeking the orphans' court's issuance of an order compelling PNC to make mandatory, recurring distributions, we agree with the orphans' court that Beneficiaries effectively seek an amendment of

---

[8] In any event "[a] corporate reorganization of an institutional trustee, including a plan of merger or consolidation, is **not** itself a substantial change of circumstances." 20 Pa.C.S. § 7766(b)(4) (emphasis added).

the Trust. *See* Orphans' Court Opinion, 1/12/22, at 4. As explained above, the Trust grants PNC the "discretion" to distribute income and principal "in such proportions" and as it "deem[s] advisable for [Beneficiaries'] health, maintenance, support and education." Agreement, Art. II.B. PNC was also authorized under the Trust to determine "at such times" that these distributions would be made. *Id.* Beneficiaries' request of "a return to the status quo" where PNC would make quarterly distributions of a fixed amount[9] would remove from PNC the discretion to determine the timing and amount of distributions. Amended Petition ¶62.

The standard for modification of a Trust is set forth in Section 7740.1 of the UTA, 20 Pa.C.S. § 7740.1. Under Section 7740.1(b), a trust "may be modified upon the consent of all the beneficiaries only if the court concludes that the modification is not inconsistent with a material purpose of the trust." 20 Pa.C.S. § 7740.1(b). Where some, but not all, of the beneficiaries of the trust consent to the modification, a trust may be modified under Section 7740.1(d) if the court concludes that modification would be proper under subsection (b) and where "the interests of a beneficiary who does not consent will be adequately protected." 20 Pa.C.S. § 7740.1 (d).

In this matter, the Remainder Beneficiaries did not unanimously consent and therefore modification is only permissible under subsection (d) of Section

---

[9] Beneficiaries suggest that PNC be required to return to "the course of dealing [established in] 2013 where it made quarterly distributions to [Beneficiaries] of approximately $20,000.00 per quarter." Amended Petition ¶58.

7740.1 upon a showing by Beneficiaries that the proposed mandatory distribution scheme is not inconsistent with a material purpose of the Trust and that the two Remainder Beneficiaries who did not consent would be adequately protected by such a scheme.[10]  Beneficiaries did not plead any facts to show how a mandatory distribution scheme stripping PNC of its discretion to determine the amount and timing of distributions is consistent with the Trust.  Moreover, the amended petition is devoid of any allegations that would demonstrate that the non-consenting Remainder Beneficiaries' interests would be protected by a substantial alteration to the Trust.  Therefore, the demurrer to Beneficiaries' claim for compelled distributions was properly sustained.

Finally, we do not agree with Beneficiaries' contention that the orphans' court abused its discretion by not granting them leave to amend to cure the defects in the amended petition.  *See D'Happart v. First Commonwealth Bank*, ____ A.3d ____, 2022 PA Super 132, at *56 (Pa. Super. 2022) ("[T]he

---

[10] A beneficiary is defined in the UTA as a person that "has a present or future beneficial interest in a trust, vested or contingent."  20 Pa.C.S. § 7703.  As Remainder Beneficiaries hold a contingent future beneficial interest in the Trust, they are encompassed within this definition.

We further note that the orphans' court erred in its analysis by concluding that it lacked authority to order modification of the Trust absent the consent of all the Remainder Beneficiaries.  *See* Orphans' Court Opinion, 1/12/22, at 4.  Nevertheless, because the allegations in the amended petition do not support modification, the court properly sustained the demurrer.  *See In re A.J.R.-H.*, 188 A.3d 1157, 1175–76 (Pa. 2018) (appellate court may affirm trial court on any basis supported by the record).

decision whether to grant leave to amend a pleading is within the trial court's sound discretion."). Beneficiaries have already had the opportunity to amend the petition in response to PNC's substantively identical first set of preliminary objections and they were not able to cure the defects in their second round of pleading. Beneficiaries also fail to explain in their appellate brief which new factual averments they would include in a second amended petition that would insulate it from dismissal. Most importantly, the orphans' court explained that in spite of the dismissal of the present matter, to the extent Beneficiaries can present "a claim that the specifics of the requested information/documentation is overreaching, burdensome, etc., they are entitled to file a new Petition." Orphans' Court Opinion, 1/12/22, at 5.[11] Therefore, Beneficiaries are not entirely put out of court based upon the orphans' court ruling but instead they may address PNC's administration of the Trust in future litigation.

Order affirmed.

---

[11] **See also** Orphans' Court Opinion, 1/12/22, at 4 ("At this time, the [c]ourt makes no finding as to what needs or expenses of [Beneficiaries] are appropriate under the standard set forth in the Trust. Such a finding may be litigated in the future, if necessary."). We likewise take no position on whether PNC properly exercised its discretion under the Trust in denying any individual requested distribution or as to the propriety of any of its specific requests for documents or financial information from Beneficiaries.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/23/22